DAVID H. CAUBLE AND WIFE, HARRIET M. CAUBLE, ON BEHALF OF THEMSELVES AND ALL OTHER RESIDENTS AND PROPERTY OWNERS IN FAIRMOUNT PARK V. CARL J. BELL AND WIFE, LOLA BEATTY BELL AND THE SUN OIL COMPANY, A CORPORATION.

(Filed 18 March, 1959.)

**1. Appeal and Error § 50—**

While the court may review the findings of fact in injunction proceedings upon appeal from the granting or refusal of a temporary restraining order, where the court finds the facts by agreement of the parties upon the hearing upon the merits and issues a permanent restraining order on such findings, the findings are conclusive if supported by competent evidence, and the Supreme Court may review the evidence only to ascertain if there be any competent evidence to support the findings and whether the findings support the judgment.

**2. Trial § 55—**

Where a jury trial is waived and the facts are found by the court under agreement of the parties, the court's findings have the force and effect of a verdict by a jury.

**3. Deeds § 19: Injunctions § 7—**

Where the court, under agreement of the parties, finds upon the hearing on the merits that the subdivision in question had been developed under a uniform plan for residential purposes, conformed to within the area, and that the business development in the neighborhood was outside the restricted area, the findings support the issuance of order enjoining a land owner and his prospective purchaser from effecting a threatened violation of the restrictive covenants.

APPEAL by defendants from *Froneberger, J.,* in Chambers in GASTON County, December 23, 1958.

Plaintiffs, property owners in Fairmount Park, a residential subdivision of Gastonia, instituted this action for injunctive relief to restrain defendants Bell, likewise property owners in the subdivision, and Sun Oil Company, a prospective purchaser from the Bells, from violating covenants, appearing in deeds for lots in the subdivision, restricting the use of the property to residential purposes. Unless enjoined, defendants will erect a gasoline service station.

Defendants assert lack of a unified plan indicated by the sale of some lots by Hanna, who owned and subdivided the area, without any limitations with respect to the use of those lots and changes which have taken place in the area surrounding the subdivision since 1921 when it was laid out. They allege these changes are of such character and magnitude as to compel the court to refuse equitable relief, leaving plaintiffs to pursue such legal remedies, if any, as they may have.

A jury trial was waived. The court found the facts based on stipulations, affidavits, the pleadings, exhibits consisting of pictures taken in the area, and a map of the subdivision.

The court found: D. B. Hanna, in 1921, caused his land to be subdivided into 124 lots known as Fairmount Park Subdivision. A map of the subdivision was duly recorded in Gaston County. The deeds for 120 lots contained the restrictive covenants which plaintiffs seek to enforce. One deed for four lots on the extreme eastern edge of the subdivision did not contain these restrictions. ". . . (T)he said D. B. Hanna and wife, Minnie E. Hanna, subdivided said land, recorded the plats thereof, and included the covenants, conditions, and restrictions in the deeds to said lots in accordance with and pursuant to a general plan or scheme for the improvements and development of said subdivision and that the said restrictions, covenants, and conditions were a part of a uniform plan or scheme for the development of said property and was done to induce purchasers to pay higher prices for lots by reason of the restrictions and their mutual protection on such account.

"5. That the defendant, Carl J. Bell and wife, Lola Bell, purchased the property now owned by them with notice of the said restrictions and covenants in that the deed by which the defendants obtained said property and each and every deed in the defendants' chain of title contained specific reference to said covenants, conditions and restrictions.

"6. And the Court further finds as a fact that the restrictions, covenants, and conditions which were placed on said property in accordance with a uniform plan or scheme of development have never

been violated nor abandoned. However, outside of Fairmount Park there is a filling station situated across Franklin Avenue from the property of the defendants and there are numerous businesses adjoining Fairmount Park on the Eastern and Northwestern side; that Franklin Avenue is a heavily traveled street or highway and runs adjacent to Fairmount Park on the North Side; that the City of Gastonia has zoned the lots of the defendants as 'Neighborhood Trading;' and that while there are numerous businesses on the West and East of Fairmount Park there has been no invasion by businesses within the restricted area."

Based on the findings the court entered judgment enjoining the use of lots 1 and 2, Block 10, in violation of the covenants and restrictions applicable to Fairmount Park. Defendants excepted and appealed.

*L. B. Hollowell and Verne E. Shive for plaintiff appellees.*

*Ernest R. Warren, Grady B. Stott, Hugh W. Johnston, and J. Bruce Morton for defendant appellants.*

RODMAN, J. Defendants' first assignment of error is directed to the failure of the court to make findings of fact which conform to their views. They urge us to review the findings with a resultant picture presented by the use of their spectacles.

This asserted right to review and make other and additional findings is based on the fact that plaintiffs seek injunctive relief. This Court has the right to review findings made with respect to interlocutory orders denying or granting injunctive relief. *Cahoon v. Hyde County,* 207 N.C. 48, 175 S.E. 846; *Wentz v. Land Co.,* 193 N.C. 32, 135 S.E. 480; *Coates v. Wilkes,* 92 N.C. 376. This is true since only questions of fact are then considered.

The judgment here is a final determination of the rights of the parties. The mere fact that equitable (injunctive) relief is granted gives us no authority to modify findings determinative of issues of fact raised by the pleadings. *McGuinn v. High Point,* 217 N.C. 449, 8 S.E. 2d 462; *Galloway v. Stone,* 208 N.C. 739, 182 S.E. 333; *Barringer v. Trust Co.,* 207 N.C. 505, 177 S.E. 795; *Power Co. v. Power Co.,* 171 N.C. 248, 88 S.E. 349; *Coates v. Wilkes, supra.*

Issues of fact must be determined by a jury unless such trial is waived. G.S. 1-172; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384. When the right to a jury trial is waived, the facts found by the judge have the force and effect of a verdict by a jury. N. C. Const., Art. IV, sec. 13; *Rubber Co. v. Shaw,* 244 N.C. 170, 92 S.E. 2d 799; *Little v.*

*Sheets*, 239 N.C. 430, 80 S.E. 2d 44; *Woody v. Barnett*, 239 N.C. 420, 79 S.E. 2d 789; *Bryant v. Bryant*, 228 N.C. 287, 45 S.E. 2d 572.

Upon appropriate assignments of error we may examine the evidence to ascertain if there be any to support the verdict. We may likewise, upon appropriate assignments, ascertain if the verdict is sufficient to support the judgment, but we cannot enlarge or diminish findings which constitute the verdict. *Power Co. v. Power Co., supra.*

The pleadings raised issues of fact. The parties elected to waive jury trial and stipulated that the court "might hear the evidence, find the facts and enter the judgment." This stipulation indicates an understanding of the necessity for a determination of the issues of fact raised by the pleadings.

Upon an examination of the evidence we are convinced there is plenary evidence to justify the findings which the court made. The assignment directed to the insufficiency cannot be sustained.

The court found a uniform plan to develop the area, including the property of plaintiffs and defendants Bell, for residential purposes. Property owners within the area included in the plan have conformed to the covenants and plan. The business development is outside of this area and beyond the power of those in the restricted area to control.

Based on the findings supported as they are by the evidence, plaintiffs were entitled to injunctive relief to protect their property rights. *Reed v. Elmore,* 246 N.C. 221, 98 S.E. 2d 360; *Muilenburg v. Blevins,* 242 N.C. 271, 87 S.E. 2d 493; *Higdon v. Jaffa,* 231 N.C. 242, 56 S.E. 2d 661; *Vernon v. Realty Co.,* 226 N.C. 58, 36 S.E. 2d 710; *Brenizer v. Stephens,* 220 N.C. 395, 17 S.E. 2d 471; *McLeskey v. Heinlein,* 200 N.C. 290, 156 S.E. 489.

Affirmed.