STATE OF NORTH CAROLINA v. JOHNNY CARL BLAYLOCK

No. 7110SC736

(Filed 15 December 1971)

1. **Criminal Law § 104— motion for nonsuit — consideration of evidence**

In determining whether evidence is sufficient to be submitted to the jury in a criminal case, the evidence must be considered in the light most favorable to the State and the State must be given every reasonable inference to be drawn therefrom.

2. **Narcotics § 4— possession of heroin — constructive possession by defendant — sufficiency of evidence**

In a prosecution charging defendant with the possession of heroin, the State's evidence was sufficient to support a jury finding that the defendant was in the constructive possession of heroin found in the apartment of another, especially where there was evidence (1) that the defendant voluntarily identified himself to police officers as the person in charge of the apartment, (2) that the defendant produced a key to the room where the heroin was found, and (3) that defendant stated that he kept his paint and tools in the room.

3. **Searches and Seizures § 3— search warrant for heroin — sufficiency of affidavit**

Affidavit was sufficient 'to support the issuance of a search warrant for heroin allegedly located in a certain apartment.

APPEAL by defendant from *Godwin, Special Judge,* 4 May 1971 Special Session of Superior Court held in WAKE County.

State v. Blaylock

Defendant was charged in a bill of indictment, proper in form, with possessing a narcotic drug, heroin. He entered a plea of not guilty.

The State offered evidence tending to show the following: On 31 October 1970, several Raleigh police officers went to the apartment of Shirley King at 508½ E. Hargett Street in Raleigh for the purpose of conducting a search under the authority of a search warrant issued that date. Miss King was not at her apartment but defendant and approximately seven other persons were there. The search warrant was read to defendant after defendant stated to the officers that he was in charge of the apartment. Drops of blood which were still wet were found in the bathroom. A hypodermic needle was found in a glass of water in a cabinet under the kitchen sink and various needle covers were found about the kitchen. The door to a back room was locked. Defendant stated "That is where I keep my paint and tools" and unlocked the door with a key he took from his pocket. A package containing heroin was found under the lining of a chair in the room and a plastic banana was found in the room closet. A hypodermic needle, syringe and plunger were inside the plastic banana.

In the opinion of at least one of the officers, defendant was under the influence of heroin.

Defendant did not testify or offer other evidence.

The jury returned a verdict of guilty and the court entered judgment imposing an active prison sentence of five years.

*Attorney General Morgan by Associate Attorney Boylan for the State.*

*William T. McCuiston for defendant appellant.*

GRAHAM, Judge.

Defendant has expressly abandoned several assignments of error. His remaining assignments of error raise three questions: (1) Was the evidence sufficient to be submitted to the jury? (2) Was the affidavit upon which the search warrant was based sufficient? (3) Did the court correctly and adequately charge the jury on constructive possession? We answer all three questions in the affirmative.

[1]  (1) It is elementary that in determining whether evidence is sufficient to be submitted to the jury in a criminal case, the evidence must be considered in the light most favorable to the State and the State must be given every reasonable inference to be drawn therefrom. *State v. Morris,* 279 N.C. 477, 183 S.E. 2d 634.

In the case of *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49, evidence presented against one of three defendants charged with unlawful possession of barbiturates was strikingly similar to evidence offered against the defendant in this case. There, the court summarized the challenged evidence as follows:

"Joyce Furr was not named in the search warrant. No barbiturates were ever found on her person. She was present, however, at 1009 E. 18th Street when the premises were searched. She was in the bathroom where several barbiturate capsules were found under the lavatory and one under the tub. Barbiturates were found elsewhere in the house. She was unsteady on her feet, had glassy, dilated eyes, mumbling unintelligibly, and seemed to be in a stupor. There was no odor of alcohol about her. She was apparently under the influence of drugs."

[2]  The Supreme Court held that this evidence against Joyce Furr was sufficient to be submitted to the jury. The evidence in the instant case is even more favorable to the State. When the officers entered the apartment in question, defendant voluntarily stepped forward and identified himself as the person in charge of the apartment. He produced a key to the room where the heroin was found and stated that it was the room where he kept his paint and tools. In the opinion of one of the officers, defendant was under the influence of heroin. Evidence of the unlawful use of drugs was found in various places throughout the apartment. In our opinion, this evidence was sufficient to support a finding by the jury that defendant was in the constructive possession of the heroin found in the apartment.

[3]  (2) The affidavit upon which the search warrant is based was sworn to by E. D. Whitley, a detective of the Raleigh Police Department. It alleges that Whitley had probable cause to believe that heroin and marijuana were located on the premises of Shirley King at 508½ Hargett Street on 31 October 1970.

The premises and location thereof are specifically described in the affidavit. The affidavit continues:

> "The facts which established probable cause for the issuance of a search warrant are as follows: A reliable informer stated to me on this date that Shirley King has in her possession at this time drugs in her house and on her person. He further stated that he saw it and that he saw it being sold to a c/m who he did not know. He stated that she sold the c/m heroin and that she also had marijuana that she was selling. This person has given me other information in the past two years that has proven to be correct and lead to the arrest of several persons for narcotic violations. On at least 5 occasions. I have also received from other persons the information that Shirley King is selling heroin and marijuana at 508½ E. Hargett St. This house has been observed by me on several occasions prior to this date and I have seen known drug users going to this house and these persons use heroin. Shirley King is known to other members of the Raleigh Police Dept. Vice Squad as a person that deals in the sale of drugs. Barry Chavis a known heroin user goes to this house and Chavis was arrested 10-29-70 for Illegal possession of heroin by me and other officers."

Defendant makes three specific complaints about the affidavit. First, he says that it contains no affirmative allegation that affiant or informer spoke with personal knowledge of the matters complained of therein. This is without merit, for the affidavit specifically states that the informer saw heroin and marijuana being sold at the premises to be searched.

Secondly, defendant says that the affidavit contains no allegation that he had been observed with drugs on his person or in his possession. This is immaterial. The warrant authorized the search of the premises of one Shirley King. It did not authorize the search of defendant personally or of defendant's premises. Defendant does not contend that the apartment at 508½ E. Hargett Street was his home.

Defendant's final contention with respect to the affidavit is that it fails to set out the date and time when the informer saw the heroin and marijuana in the apartment. The affidavit states that the informer stated to affiant "on this date that

Shirley King has in her possession *at this time* drugs in her house. . . ." (Emphasis added.) Then follows the reason the informer knew the unlawful drugs were present *at that time;* to wit, he saw them being sold. Taking the two statements together, a legitimate inference arises that the informer made his observation on the date the affidavit was made, or at least at some time so recent as to give him good cause to believe that unlawful drugs were still present on the premises to be searched on the date the affidavit was made. Under these circumstances, we hold that an allegation in the affidavit as to the specific date on which the affiant made his observation was not essential.

(3) With respect to the final question raised by defendant, suffice to say we have examined the charge given by the trial judge and have found his instructions as to possession to adequately include a correct definition of constructive possession.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.