STATE OF NORTH CAROLINA v. DOROTHY GRIER CROUCH

No. 7219SC406

(Filed 28 June 1972)

1. Narcotics § 4— constructive possession

An accused's possession of narcotics may be actual or constructive; constructive possession exists when there is no actual personal dominion over the material, but there is an intent and capability to maintain control and dominion over it.

2. Narcotics § 4— possession — close juxtaposition to narcotics

The State's evidence was sufficient to support a finding that defendant was in possession of heroin and hypodermic needles and syringes found in a bathroom where it tended to show that defendant, the only person in the house, flushed the commode in the bathroom in which the contraband was found while officers were at the door of the house, the evidence having placed defendant in such close juxtaposition to the contraband as to justify the jury in concluding that the same was in her possession.

3. Narcotics § 4— control of premises — inference of possession

Evidence that defendant was the only person in a house when officers arrived and conducted a search, that she had a key to the house and that medicine prescribed to her was in the house is sufficient to support a finding that defendant was in control of the premises when the search was conducted, notwithstanding defendant neither owned nor lived in the house permanently; and defendant's control of the premises gives rise to an inference of knowledge and possession of narcotics found on the premises which may be sufficient to carry the case to the jury on a charge of unlawful possession.

4. Narcotics § 4— hypodermic needles and syringes — possession for administering drugs — sufficiency of evidence

Evidence that hypodermic needles and syringes were found in a bathroom in close proximity to glassine papers containing heroin residue was sufficient to support a finding that they were possessed for the purpose of administering habit-forming drugs.

APPEAL by defendant from *Johnston, Judge,* 4 January 1972 Session of Superior Court held in CABARRUS County.

State v. Crouch

Defendant entered pleas of not guilty to three separate charges. She was charged in separate bills of indictment, proper in form, with the unlawful possession of heroin and the unlawful possession of hypodermic syringes adapted for the use of habit-forming drugs by subcutaneous injections. A warrant, also proper in form, charged her with the possession of nine capsules of Sandoptal, a barbiturate drug.

The State presented evidence tending to show the following:

On 2 July 1971, two agents of the State Bureau of Investigation and two police officers went to a house at 227 James Street in Kannapolis. While they were outside the house they heard a commode flush inside. After four or five minutes defendant came to the door. The officers read her a search warrant which they had obtained earlier that day and entered the house. A fill tank in one of the bathroom commodes was still refilling. The officers searched that bathroom. Several glassine papers were removed from a waste basket. The papers contained residue of substances later determined to be heroin and quinine. Six hypodermic needles and six syringes were found between towels in a cabinet under the sink. The only entrance to this bathroom is through an adjoining bedroom.

The officers also searched the adjoining bedroom and closet. The closet contained only ladies clothing. Two bottles were found on a dresser. One of the bottles contained Sandoptal capsules. The other was labeled and the label indicated it contained medicine that had been prescribed for defendant by a physician.

The house and lot at 227 James Street are listed for taxes in the name of defendant's nephew, Marshall Greene. Greene testified for the State and stated that he purchased the lot from defendant for about $10.00. He built the house at a cost of $14,000.00 or $15,000.00 but has not paid for it yet. Greene could not recall the full name of the contractor who built the house but remembered that his last name is Simpson and that he lives in Texas. No one lived in the house on 2 July 1971. Parties had been held there and "there were a lot of people coming in and out." Defendant and several other persons had keys to the house. Greene stated that the clothes found in the bedroom closet belonged to defendant or another of Greene's aunts.

Defendant did not testify or offer other evidence.

The jury returned verdicts of guilty on all charges and defendant appeals from judgments of imprisonment imposed upon the verdicts.

*Attorney General Morgan by Associate Attorney Boylan for the State.*

*Williams, Willeford & Boger by Thomas M. Grady for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error the failure of the court to allow her motion for nonsuit, contending that the State's evidence will not support a finding that she was in possession of any of the items referred to in the warrant or bills of indictment.

[1] "An accused's possession of narcotics may be actual or constructive." *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706. Constructive possession of contraband material exists when there is no actual personal dominion over the material, but when there is an intent and capability to maintain control and dominion over it. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779.

We find the evidence sufficient to take the case to the jury on the question of possession.

[2] The commode in the bathroom where the heroin and needles and syringes were found was flushed while the officers were outside the house. Defendant was the only person in the house and the inference is inescapable that while the officers were waiting outside the door, defendant was in the bathroom where the heroin residue and the needles and syringes were found. The State may overcome a motion for nonsuit by presenting evidence which places the accused "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his prossession." *State v. Allen,* 279 N.C. 406, 411, 183 S.E. 2d 680, 684. Also see *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49.

[3] Furthermore, when narcotics are found on premises under the control of an accused, this fact alone gives rise to an inference of knowledge and possession which may be sufficient

to carry the case to the jury on a charge of unlawful possession. *State v. Harvey, supra.* The fact defendant neither owned the house nor lived in it permanently is not controlling. She had a key to the house and was the only one there when the officers arrived. Medicine prescribed to her was in the house. This evidence is sufficient to support a finding that defendant was in control of the premises when the search was conducted. See *State v. Blaylock,* 13 N.C. App. 134, 184 S.E. 2d 890.

[4]    Defendant also argues that the evidence is insufficient to show that the hypodermic needles and syringes were possessed for the purpose of administering habit-forming drugs. The fact they were found in the bathroom in close proximity to the heroin residue is sufficient to take the case to the jury on this question.

No error.

Judges MORRIS and VAUGHN concur.