STATE OF NORTH CAROLINA v. ANDREW KENT SUMMERS

No. 7226SC437

(Filed 12 July 1972)

1. Narcotics § 4— possession defined

An accused has possession of contraband material within the meaning of the law when he has both the power and intent to control its disposition or use.

2. Narcotics § 4— possession — marijuana in defendant's yard

There is sufficient evidence of constructive possession of marijuana to warrant submitting the case to the jury where 20 grams of the contraband material are found in defendant's fenced-in backyard at a point practically up against defendant's house.

APPEAL by defendant from *Friday, Judge,* 31 January 1972 Schedule "B" Session of Superior Court held in MECKLENBURG County.

Defendant was indicted for the unlawful possession of 20 grams of marihuana. He pleaded not guilty. The State's evidence showed: At 8:35 p.m. on 8 October 1971 Charlotte police officers, armed with a search warrant, searched a one-story, frame, five-room, single-family dwelling at 2444 Greenland Avenue. When they arrived, they found defendant lying on a couch in the living room and approximately fifteen to twenty other young people in the house listening to a hi-fi set. Defendant told one

of the officers that he and a Jerry Hull lived at the house but that Hull was not there. A clerk in the City Water Department testified that on 1 July 1970 a deposit had been made for 2444 Greenland Avenue in defendant's name. No marihuana was found in the house, and three of the officers then proceeded to search outside. At the rear of the house, these officers found a chain link fence approximately four feet high around the back portion of the yard. There were gates leading inside the fence. A large dog was out there, and one officer was instructed by his superior to watch the dog so that it didn't bite the other officers while they were trying to search in the rear. Outside and at the rear of the house, the officers found an old electric stove sitting "practically up against the house, almost as close as you can get it." Under the stove they found a small plastic bag approximately two inches deep and about five inches long, which contained green vegetable material which on analysis was determined to be marihuana weighing a little over 20 grams. During the time the officers were searching the premises, they did not permit anyone to leave the house.

Defendant did not introduce evidence. The jury found him guilty, and the court sentenced him to prison for a term of six months, but suspended the sentence and placed him on probation for a period of two years upon conditions agreed upon by the defendant. From this judgment, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Charles B. Merryman, Jr., for defendant appellant.*

PARKER, Judge.

There was no evidence of actual possession and the question presented is whether there was sufficient evidence of constructive possession to warrant submitting the case to the jury. We think there was.

[1, 2] An accused has possession of contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to

the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706. Here, the evidence was sufficient to permit the jury to find that the backyard where the marihuana was found was under defendant's control. There was a chain link fence around the backyard and a large dog was in the yard. The marihuana was found at a point in the yard "practically up against the house." In *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779, the State's evidence was held sufficient to support a jury finding that areas more remote from the accused's living quarters than here shown were under his control.

We hold that defendant's motions to dismiss were properly overruled. Defendant's remaining assignment of error, directed to admission of the testimony of the clerk of the City Water Department, is without merit.

No error.

Judges VAUGHN and GRAHAM concur.