STATE OF NORTH CAROLINA v. RICHARD DEAN SALEM, AND
FRED WOODROW MAUNEY, JR.

No. 7226SC844

(Filed 17 January 1973)

1. Criminal Law § 92— consolidation of charges against two defendants

The trial court properly consolidated charges of possession of
pyrotechnics and felonious possession of marijuana against de-
fendant Mauney with charges of felonious possession of marijuana and
felonious assault upon a police officer against defendant Salem. G.S.
15-152

2. Searches and Seizures § 3— sufficiency of warrant and affidavit

A search warrant authorizing the search of defendants' premises
and the affidavit on which the warrant was based met the require-
ments of G.S. 15-26 and the Fourth Amendment to the U. S. Con-
stitution.

3. Constitutional law § 32; Criminal Law § 77— investigatory questions
before being taken into custody by officers — admissibility of answers
by defendant

Where defendant Mauney appeared at the apartment in question
about ten minutes after the arrival of officers armed with a search
warrant, it was not necessary that the officers give Mauney the
usual constitutional warnings before asking him general investigatory
questions such as his name and whether he lived in the apartment.

4. Criminal Law § 88— cross-examination of defendant — inquiry about
friends — no error

The trial court properly denied defendant Mauney's motion for
mistrial made after the solicitor asked him on cross-examination
if he were not a good friend of one Howard Mack Miller where there
was no evidence before the jury as to the identity of Howard Mack
Miller and there was no showing that any juror might have been
prejudiced against one of defendant's friends.

5. Narcotics § 4— marijuana in defendant's bedroom — constructive
possession

Evidence was sufficient to permit the jury to find that defendant
was in constructive possession of marijuana and pyrotechnics where
such evidence tended to show that the marijuana was found in a
bedroom which defendant told officers was "his room" and the
pyrotechnics were found in a closet of the bedroom.

6. Criminal Law § 80— list of items seized under search warrant —
non-contraband items read — no prejudicial error

Where one of the police officers who conducted the search of
defendants' apartment was permitted to read to the jury, over de-
fendant's objection, from a list of items seized during the search,
failure of the trial court to limit the officer's testimony to the items

which were relevant to the charges against defendants did not constitute prejudicial error requiring a new trial.

**7. Searches and Seizures § 3— voir dire on sufficiency of affidavit — reliability of informer as question for trial court**

Upon a *voir dire* hearing the trial court properly refused to require a police officer to answer questions designed to attack the credibility of an informer who furnished information relied upon by the officer in applying for a search warrant since the question before the trial court was not whether the informer was in fact reliable, but whether the facts sworn to by the officer in the affidavit as being within his personal knowledge were sufficient to support the magistrate's independent determination that the informer was reliable and that the information given by the informer to the affiant was probably accurate.

ON *certiorari* to review the order of *Friday, Judge,* 3 April 1972 Session of Superior Court held in MECKLENBURG County.

Defendant Mauney appealed from a conviction in district court under a warrant charging the offense of unlawful possession of pyrotechnics in violation of G.S. 14-410. In superior court, this charge was consolidated for trial with a charge against Mauney for felonious possession of marijuana, and charges against defendant Salem for felonious possession of marijuana and felonious assault upon a police officer.

The State's evidence tends to show, among other things, that on 2 October 1971, police officers, armed with a search warrant, went to a Charlotte apartment for the purpose of conducting a search for the narcotic drug marijuana. The officers knocked on the door, rang the doorbell several times, and stated in a loud voice that they were police officers and had a warrant to search the premises. When the officers received no response, they entered the apartment through an unlocked door and again "hollered" in a loud voice that they were police officers and had a warrant to search the premises. In an upstairs bedroom, the officers found defendant Salem and a woman on a mattress that was on the floor. Salem picked up a pistol and pointed it toward one of the officers. The officer pulled his service revolver and Salem put his gun down after the officer told him several times that he was a police officer and to drop the gun. Approximately 18 grams of marijuana were found on a cardboard box that was being used as a nightstand. Salem's watch and wallet were on the box near the marijuana. Approximately 523 grams of marijuana were found in a bedroom which Mauney told the officers was his bedroom. Two boxes of fire-

State v. Salem

crackers were found in the closet of that bedroom. Clothes belonging to Mauney were in the closet.

Defendants offered evidence tending to show that two other men also lived in the apartment and that the contraband items belonged to one of the other men.

Defendant Mauney was found guilty of both charges against him. Defendant Salem was found guilty of felonious possession of marijuana. He was acquitted of the charge of felonious assault on a law enforcement officer but was found guilty of assault by pointing a gun. Judgment was entered upon the jury verdicts imposing active prison sentences and both defendants gave notice of appeal. The appeals were not docketed within the time allowed by the rules; however, we allowed defendants' petition for a writ of certiorari in order to consider their appeals on the merits.

*Attorney General Morgan by Associate Attorney Kramer for the State.*

*Lila Bellar for defendant appellant Richard Dean Salem.*

*Scarborough, Haywood and Selvey by E. Clayton Selvey, Jr., for defendant appellant Fred Woodrow Mauney, Jr.*

GRAHAM, Judge.

The 46 exceptions, which are grouped under 9 assignments of error and are set forth on 40 pages of the record, purport to be the exceptions of both defendants. Many of the exceptions are based on the overruling of objections made by only one defendant. For various reasons, some of the assignments of error could not possibly relate to both defendants. It does appear that both defendants contend: (1) the cases should not have been consolidated and (2) the search of defendants' apartment was illegal and the evidence seized in the search should have been excluded. Both of these contentions are without merit.

[1] G.S. 15-152 authorizes the consolidation for trial of separate charges against two or more defendants when the offenses charged are of the same class and are so connected in time or place that most of the evidence at trial upon one of the charges would be admissible at a trial on the others. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384. There is nothing in the record to suggest that either defendant was prejudiced by the consoli-

State v. Salem

dation, and we hold that the order consolidating the cases for trial was an appropriate exercise of the trial court's discretion.

[2] The search warrant authorizing the search of defendants' premises, along with the affidavit on which the warrant is based, appear in the record. We deem it unnecessary to set them forth in this opinion. Suffice to say, the warrant and affidavit have been carefully scrutinized and we find that they meet the requirements of G.S. 15-26 and the Fourth Amendment to the United States Constitution. The fact that Salem is not named in the search warrant as an occupant of the apartment is without significance under the facts of this case. *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49.

None of the remaining assignments of error appear to relate to both defendants and we therefore discuss them separately.

## CONTENTIONS OF DEFENDANT MAUNEY

[3] Defendant Mauney appeared at the apartment about ten minutes after the arrival of the officers. One of the officers asked Mauney who he was and if he lived there. Mauney told the officer his name, walked into a bedroom, and without being asked, stated that it was his room. Mauney says this evidence should have been excluded because he was not advised of his constitutional rights before making the statements. We disagree. These questions were asked before Mauney was taken into custody and before any contraband substance had been found. It was not necessary that the officers give Mauney the usual constitutional warnings before asking him general investigatory questions such as his name and whether he lived in the apartment. See *State v. Gladden,* 279 N.C. 566, 184 S.E. 2d 249; *State v. Shedd,* 274 N.C. 95, 161 S.E. 2d 477; *State v. Hayes,* 273 N.C. 712, 161 S.E. 2d 185.

[4] Mauney further contends that the court erred in denying his motion for a mistrial made after the solicitor asked defendant on cross-examination if he were not a good friend of one Howard Mack Miller. There was no evidence before the jury as to the identity of Howard Mack Miller and there has been no showing that any juror might have been prejudiced against one of his friends. Moreover, Mauney's objection to the question was sustained by the court. Under these circumstances, the

court was acting well within the bounds of its discretion in denying Mauney's motions for a mistrial.

[5] Mauney assigns as error the denial of his motion for nonsuit and argues that the evidence was insufficient to show that he was in possession of either the marijuana or pyrotechnics. These contentions are overruled. The marijuana was found in a bedroom which defendant told the officers was "his room." The pyrotechnics were found in a closet of the bedroom. This was sufficient to permit the jury to find that defendant was in constructive possession of the items.

Finally, Mauney argues that the court's charge on the law of possession was erroneous. The court instructed the jury thoroughly and accurately as to what constitutes possession, actual and constructive, and we find the charge free from prejudicial error.

CONTENTIONS OF DEFENDANT SALEM

[6] One of the police officers who conducted the search of defendants' apartment was permitted to read to the jury, over Salem's objection, from a list of items seized during the search. Some of the items mentioned were not contraband and Salem contends he was prejudiced in that the jury may have thought that they were. The court should have limited the officer's testimony to the items which were relevant to the charges against defendants. However, we do not regard its failure to do so as error requiring a new trial. The noncontraband items were not introduced in evidence and it does not appear the State contended during the trial that possession of these items was illegal. It is inconceivable that the jury could have been influenced against defendants by evidence that legitimate pills and other non-contraband items were found in the apartment.

Assignment of error number six, which is argued in Salem's brief only, is: "The Court erred in refusing to allow certain answers to questions asked by defendants to be placed in the record. . . . " This assignment of error purports to be based on "Exceptions Nos. 3, 28 ( R pp 39, 90)." Exception No. 28 on page 90 of the record is the exception entered by defendant Mauney to the court's denial of his motion for nonsuit made at the conclusion of the State's evidence. No Exception No. 3 appears in the record.

[7] It does appear from page 40 of the record that during a *voir dire* hearing, which defendant requested, the court refused to require a police officer to answer questions designed to attack the credibility of an informer who furnished information relied upon by the officer in applying for the search warrant. This was not error. Defendants were not entitled to a *voir dire* hearing for purposes of conducting a fishing expedition into the credibility of the informer, because the informer's credibility was a matter solely for the magistrate who issued the search warrant. The question before the trial court was not whether the informer was in fact reliable, but whether the facts sworn to by the officer in the affidavit as being within his personal knowledge were sufficient to support the magistrate's independent determination that the informer was reliable and that the information given by the informer to the affiant was probably accurate. *State v. Shirley,* 12 N.C. App. 440, 183 S.E. 2d 880, *cert. denied,* 279 N.C. 729. The affidavit was before the court and a *voir dire* hearing was not required in order for the court to find that the facts contained therein were sufficient to meet constitutional and statutory requirements.

Defendant Salem argues other contentions in his brief. These have been reviewed and are overruled. We are of the opinion and hold that defendants had a fair trial free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.