STATE OF NORTH CAROLINA v. HOWARD F. WIGGINS

No. 7630SC985

(Filed 1 June 1977)

1. Narcotics § 1— possession defined

An accused has possession of marijuana within the meaning of the Controlled Substances Act when he has both the power and intent to control its disposition.

2. Narcotics § 3— marijuana growing near defendant's residence — admissibility

The trial court properly admitted evidence of marijuana found growing in flower pots in defendant's front yard 32 feet from defendant's mobile home and behind a television antenna connected to defendant's residence since the marijuana was within such close proximity to defendant's residence as to raise the inference that defendant had constructive possession of it; however, the court erred in the admission of evidence of marijuana found growing in a flower bed approximately 55 feet behind defendant's residence and marijuana found growing near a cornfield located 145 feet from the residence where there was no evidence as to whether the flower bed and cornfield were on defendant's property or otherwise under his control and no other evidence linking defendant to such marijuana.

3. Narcotics § 4— intent to distribute — insufficiency of evidence

Evidence of defendant's possession of 215.5 grams of marijuana, without more, was insufficient to withstand a motion for nonsuit on a charge of possession of marijuana with intent to sell and distribute.

4. Narcotics § 4— manufacture of marijuana — sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for manufacture of marijuana where it tended to show that stripped stalks of marijuana were found growing behind a television antenna connected to defendant's residence and that marijuana plants were found growing in flower pots in defendant's front yard 32 feet from his residence, the quantity of marijuana or the intent of the offender being immaterial.

Judge HEDRICK concurring in result.

ON certiorari from Thornburg, Judge. Judgment entered 21 October 1975 in Superior Court, CLAY County. Heard in the Court of Appeals 4 May 1977.

Defendant was charged by indictments in proper form with manufacture of marijuana, and possession of marijuana with the intent to sell and deliver. He entered pleas of not guilty to each offense and was convicted by a jury of both counts. Judg-

ment was entered thereon sentencing defendant to imprisonment for a term of two years.

The State introduced evidence which tended to show as follows: On 14 July 1975, Clay County Sheriff Hartsell Moore and Deputy Sheriff Robert Shelton went to defendant's residence pursuant to information they had received that marijuana was growing there. Defendant lived in a mobile home in a rural, mountainous area of Clay County. Moore told defendant that he had been informed that marijuana was growing on the premises and asked to look around, whereupon defendant gave the officers consent to search. Moore searched defendant's trailer but did not find any contraband inside. The officers then discovered green vegetable material growing in a flower bed approximately 55 feet behind defendant's trailer. They continued their search and found similar vegetable material growing near a cornfield located 145 feet from the trailer and stripped stalks of the material growing behind a television antenna connected to defendant's home. They also discovered the same vegetable material growing in flower pots on a table in defendant's front yard about 32 feet from the trailer.

Defendant stipulated at trial that the vegetable matter introduced by the State was marijuana but presented no evidence. He moved for a judgment as of nonsuit as to both charges, but the motions were denied.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, and Associate Attorney Al S. Hirsch, for the State.*

*Simpson, Baker and Aycock, P.A., by Gene Baker, for defendant appellant.*

MORRIS, Judge.

Defendant contends that the trial court erred by admitting the marijuana into evidence and in denying his motions for nonsuit because there was no evidence which showed that the drug was in defendant's actual or constructive possession.

[1]   An accused has possession of marijuana within the meaning of the Controlled Substances Act when he has both the power and intent to control its disposition. The possession may

be either actual or constructive. *State v. Baxter,* 285 N.C. 735, 208 S.E. 2d 696 (1974). Constructive possession of marijuana exists when the accused is without actual personal dominion over the material, but has the intent and capability to maintain control and dominion over it. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972). "Where [narcotics] are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledege and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972).

[2] Applying these principles to the present case, we must determine whether the marijuana discovered by Sheriff Moore and Deputy Shelton was "found on the premises under the control of an accused" so that possession by defendant could be reasonably inferred. We believe that the marijuana located in the flower pots 32 feet in front of defendant's trailer and beside defendant's television antenna was within such close proximity to defendant's residence as to raise the inference that defendant had at least constructive possession of it. Consequently, we hold that its admission into evidence was proper.

Problems arise, however, with respect to the admissibility of the marijuana discovered behind defendant's trailer. In *State v. Spencer, supra,* the defendant was charged with felonious possession of marijuana discovered in a pig shed located approximately 60 feet behind his residence. The Supreme Court, ruling on a motion for judgment as of nonsuit, noted that "[d]efendant had been seen on numerous occasions in and around the out-buildings directly behind his house. Thus, when considered with the fact that marijuana seeds were found in defendant's bedroom, this evidence raises a reasonable inference that defendant exercised custody, control, and dominion over the pig shed and its contents. . . . " *State v. Spencer, supra* at 129-30, 187 S.E. 2d at 784. In the case *sub judice,* there was no evidence concerning whether the flower bed and cornfield in which the marijuana was located were on defendant's property or otherwise under his control. Nor was there any evidence linking defendant to the marijuana other than the fact that it was growing near his trailer. The State cites three decisions by this Court, *State v. Salem,* 17 N.C. App. 269, 193 S.E. 2d 755, *cert. den.,* 283 N.C. 259, 195 S.E. 2d 692 (1973) ; *State v. Summers,* 15 N.C. App. 282, 189 S.E. 2d 807, *cert. den.,* 281 N.C. 762, 191

S.E. 2d 359 (1972) ; *State v. Crouch,* 15 N.C. App. 172, 189 S.E. 2d 763, *cert. den.,* 281 N.C. 760, 191 S.E. 2d 357 (1972). In each of these cases, however, as the State correctly concedes, either the contraband was found in defendant's home or there was additional evidence linking defendant to the drug. Again, there was no such evidence in the present case. Accordingly, the State did not show that the marijuana discovered behind defendant's trailer was found on premises under his control, and the admission of this marijuana into evidence constituted error.

In ruling upon defendant's motion for judgment as of non-suit, the trial court was bound to consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and inference to be drawn therefrom. *State v. Everette,* 284 N.C. 81, 199 S.E. 2d 462 (1973). Whether the evidence is direct, circumstantial, or both, if there is evidence from which the jury could find that defendant committed the offense charged, the motion for nonsuit should be overruled. *State v. Lindley,* 286 N.C. 255, 210 S.E. 2d 207 (1974). To withstand the motion, there must be substantial evidence of all material elements of the offense charged. *State v. McKinney,* 288 N.C. 113, 215 S.E. 2d 578 (1975).

Defendant was charged with (1) unlawful possession of marijuana with intent to sell and deliver, and (2) manufacture of marijuana. The State's evidence consisted of the testimony of the two officers who went to defendant's premises and discovered the marijuana and the SBI agents who chemically identified it. On cross-examination, Sheriff Moore stated:

> "When I went to the home of Mr. Wiggins I did not find any type of scales or weight devices for weighing small amounts. I did not find any rolling paper, as associated with the smoking of marijuana. I didn't see any. I did not find anything to my knowledge, in the trailer, as such that was related to the growing or the weighing or the rolling of marijuana. . . . "

[3] There was a stipulation that all of the marijuana found consisted of 215.5 grams, less than a half pound. There is nothing in the record which sheds any light on the amount found growing in each of the locations. Even so, this quantity alone, without some additional evidence, is not sufficient to raise an inference that the marijuana was for the purpose of distribu-

tion. *See State v. Baxter, supra; State v. McDougald,* 18 N.C. App. 407, 197 S.E. 2d 11, *cert. den.,* 283 N.C. 756, 198 S.E. 2d 726 (1973). Thus, even when the evidence is viewed in the light most favorable to the State, evidence of possession of the marijuana, without more, is not sufficient to withstand a motion for judgment as of nonsuit on a charge of possession with intent to sell and distribute.

[4] · On the charge of manufacture, we reach a different conclusion. State's evidence, which we have held was admissible to show constructive possession, was that stripped stalks of marijuana were found growing behind a television antenna connected to defendant's residence and that marijuana plants were found growing in flower pots on a table in defendant's front yard 32 feet from his residence.

G.S. 90-95 (a) (1), the statute under which this charge was brought, provides that it shall be unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance" except as authorized "by this Article." By G.S. 90-87 (15) " 'manufacture' means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance by any means, whether directly or indirectly, artificially or naturally. . . . " In *State v. Elam,* 19 N.C. App. 451, 455, 199 S.E. 2d 45, 48, appeal *dismissed and cert. den.,* 284 N.C. 256, 200 S.E. 2d 656 (1973), we said:

> " . . . We think the statutes make the manufacture of marijuana a felony, regardless of the quantity manufactured or the intent of the offender. . . . "

We are not unaware of *State v. Baxter,* 21 N.C. App. 81, 203 S.E. 2d 93, *rev. on other grounds,* 285 N.C. 735, 208 S.E. 2d 696 (1974), and *State v. Whitted,* 21 N.C. App. 649, 205 S.E. 2d 611, *cert. den.,* 285 N.C. 669, 207 S.E. 2d 761 (1974), nor of the statements contained therein with respect to interpretation of G.S. 90-87 (15). Those cases are clearly distinguishable on the facts. That portion of G.S. 90-87 (15) which allows "preparation or compounding of a controlled substance" for one's own use in certain instances has no application to the facts of this case.

Defendant's assignments of error Nos. 1, 2, 3, 8, 9 and 10 were not brought forward and argued in his brief and they are,

therefore, deemed abandoned. *Higgins v. Builders and Finance, Inc.*, 20 N.C. App. 1, 200 S.E. 2d 397 (1973), *cert. den.*, 284 N.C. 616, 201 S.E. 2d 689 (1974). The remaining assignments of error contest the court's denying defendant's motions for arrest of judgment, for a new trial, for a mistrial, and to set aside the verdict. These contentions have been answered.

The judgment in case No. 75CR5623 (possession of marijuana with intent to sell and distribute) is reversed.

In the judgment in case No. 75CR5624 (manufacture of marijuana), we find no error.

Judge ARNOLD concurs.

Judge HEDRICK concurs in the result.

Judge HEDRICK concurring in the result.

I vote to reverse the conviction of possession of marijuana with intent to distribute and to affirm the conviction for manuturing. I feel constrained, however, to point out that an incongruity is manifest by declaring that it was error to admit evidence of the marijuana growing in the flower bed 55 feet from the back of the trailer and in the garden 145 feet from the back of the trailer and at the same time to admit evidence of the marijuana growing in flower pots 50 feet from the entrance of the trailer (32 feet from the side) and of the "stripped" marijuana stalks near the TV antenna. In my opinion, all of this evidence was admissible under the circumstances of this case, and it was for the jury to determine whether defendant was in possession thereof and was growing it. The majority decision leaves the conviction of the felony of manufacturing supported only by the evidence that marijuana was growing in flower pots on a table, four feet square, near defendant's residence and that there was stripped marijuana stalks near the TV antenna. If it was error to admit the evidence of the marijuana growing in the flower bed and in the garden, as the majority opinion declares, it appears to me that such an error would be so prejudicial as to entitle defendant to a new trial in the manufacturing case. While I agree that the evidence of manufacturing was sufficient to take the case to the jury even without evidence of the marijuana growing in the

flower bed and the garden, I am convinced that the admission of this evidence tipped the scales for the State in the minds of the jury. The majority decision precludes the State from prosecuting the defendant for the possession of 215.5 grams of marijuana while it supports the conviction of defendant for having manufactured the same 215.5 grams of marijuana.