W. L. ARRINGTON v. PUBLIC SERVICE COMPANY OF NORTH CAROLINA

No. 749SC859

(Filed 19 February 1975)

**Master and Servant § 112— Fair Labor Standards Act — time spent "on call"**

An employee of a natural gas company who was required to be available at certain times after regular working hours to respond to emergency service calls and to have his phone attended during such times was "waiting to be engaged," not "engaged to wait," and was thus not entitled to compensation under the Fair Labor Standards Act for such time spent "on call" while not actually performing a service.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 29 April 1974, in Superior Court, GRANVILLE County. Heard in the Court of Appeals 14 January 1975.

Plaintiff is suing the defendant under the provisions of the Fair Labor Standards Act of 1938, alleging that the defendant owed him $46,724.00, as compensation for overtime work dur-

ing the period from 17 July 1967, to 9 April 1971, the work consisting of "on-call" duty which he performed for the purpose of responding to emergency service calls from customers of the defendant.

Defendant's denial of the claim raised the following issue: Was the plaintiff, during those weeks when he held himself available and subject to call to work in the event of trouble or emergency, entitled to compensation for hours spent "on call" after regular working hours on the theory that even though he was not called to actually perform a service, he was nevertheless standing by prepared to go to work?

Jury trial having been waived by the parties, the trial court, after hearing evidence offered by plaintiff and defendant, entered Judgment as follows:

"JUDGMENT (Filed April 29, 1974)

THIS CAUSE coming on to be heard before the undersigned Judge Presiding without a Jury, and the Court, after having heard the evidence of the parties, and having examined the exhibits and legal memoranda submitted by the parties, finds the following facts:

1. It was stipulated between the parties that the Court has jurisdiction of this case and that Public Service Company of North Carolina is an employer subject to the terms and provisions of the Fair Labor Standards Act upon which this action was based.

2. Public Service Company as a company policy required a qualified repairman to be available for emergency calls at all hours during which the Company office was not open for business. This includes nights, Saturdays, Sundays, and holidays.

3. W. L. Arrington was, prior to April 9, 1971, an employee of Public Service subject to said company policy.

4. At all times during the period relevant to this action and not barred by the statute of limitations, Public Service Company had four employees in the Oxford-Henderson District subject to said policy of which Plaintiff was one.

5. The four employees rotated the duty week beginning on Fridays at 5:00 P.M. and continuing on call until

the opening of business the succeeding Friday morning, so that one week out of four each employee had 'on-call' duty.

6. When an employee was on call the employer required that the employee's phone be tended and that the employee be available to perform service required by emergency calls.

7. For each call actually resulting in the performance of service the employee was paid double time for each hour of time involved, but was paid for not less than one hour for each separate call resulting in work performed.

8. The Defendant paid the base telephone bill for the employee's home phone and paid all long distance charges billed to employee for company business.

9. The Company maintained at its Henderson Office a telephone answering device which gave to callers the phone number of the on-duty employee.

10. The number programmed into this machine could be changed at will by any of the four on-call employees, the Area Manager, and the Office Manager.

11. The Company caused to be listed in the telephone directory both the alphabetical section and the yellow pages emergency numbers to be called in addition to the numbers recorded on the answering machine. None of these numbers was the Plaintiff's number.

12. The on-call employees could list an alternate number in addition to their home phone on the answering machine, and the Plaintiff did, in fact, on occasions list his mother's number.

13. The Company did not require the on-call employee to remain constantly at home, but he could visit friends and relatives, play golf, coach baseball, and attend social functions so long as either his phone was attended or the number of his location was programmed into the answering machine.

14. The Company permitted the on-call employees to swap and shift and arrange on-call hours to suit themselves. In effect, the Company did not care which employee answered the call so long as the customer was served with reasonable promptness. The Plaintiff has, in fact, worked

on-call duty for other employees and has had other employees work 'on-call' duty for him.

15. The Plaintiff's base pay was as follows:

| | |
|---|---|
| July 17, 1967 thru<br>December 30, 1967 | $2.60 per hour |
| December 30, 1967 thru<br>October 1, 1968 | $2.73 per hour |
| October 2, 1968 thru<br>December 8, 1968 | $3.04 per hour |
| December 9, 1968 thru<br>December 7, 1969 | $3.18 per hour |
| December 8, 1969 thru<br>December 6, 1970 | $3.47 per hour |
| December 7, 1970 thru<br>April 9, 1971 | $3.78 per hour |

16. The employee on call was furnished a company vehicle in which to answer calls and was permitted to use the vehicle to visit Elks Clubs, golf courses, Junior League baseball games, and to run personal errands as well as to go to and from work.

Based upon the foregoing Findings of Fact, the Court reaches the following Conclusions of Law:

The time spent by employee while on call was time waiting to be engaged and not time for which the employee was engaged to wait. The on-call employee could run personal errands and engage in recreational activities while on call so long as he was in the District and available to respond to emergency calls. The on-call employee was free to arrange with other qualified employees to take over his duties by any arrangement mutually satisfactory to the employees making the arrangement. The time spent on 'on-call' duty was not compensable except for time actually spent in performing service, which time was properly compensated.

THEREFORE, the Court holds and determines, adjudges and decrees that the Plaintiff recover nothing of the De-

fendant, and that the Plaintiff pay the costs of this action as taxed by the Clerk. That this action is hereby dismissed.

This the 23rd day of April, 1974.

/s/ JAMES H. POU BAILEY
Judge Presiding"

The plaintiff appealed, citing as error the facts found in paragraphs 10, 12, 13, 14 and 16 and the conclusions of law.

*Nye, Mitchell & Bugg by John E. Bugg for the plaintiff.*

*Bryant, Lipton, Bryant & Battle, P.A., by Victor S. Bryant, Jr., for the defendant.*

CLARK, Judge.

Those facts to which plaintiff does not except are presumed supported by the evidence. They provide some of the illuminating circumstances surrounding the issue to be decided. Those findings to which plaintiff does except are conclusive on appeal if there is evidence to support them, just as would a verdict of the jury; and this is so even though the evidence might sustain findings to the contrary. *Higgins v. Builders and Finance, Inc.*, 20 N.C. App. 1, 200 S.E. 2d 397 (1973).

We do not deem it necessary to treat herein each contested finding of the trial court. Some of the evidence is conflicting, but summarily the evidence favorable to defendant shows, among other things, that plaintiff and other servicemen placed numbers other than their own in the answering device; that plaintiff, while "on call", did yard work around the house, cared for his horses and ran personal errands; and that the area manager instructed them to try to stay near a phone and if they left home to use back-up numbers or use alternate numbers. A careful consideration of all the evidence reveals that all of the findings of fact by the trial court are supported.

Turning now to the plaintiff's contention that the findings of fact do not support the conclusions of law, whether "on call" time is time *waiting to be engaged* or is time wherein the employee is *engaged to wait* is a question which must be resolved upon appropriate findings by the trial court. "This involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of

the service and its relation to the waiting time, and all of the surrounding circumstances." *Skidmore v. Swift & Co.,* 323 U.S. 134, 137, 65 S.Ct. 161, 163, 89 L.Ed. 124, 128 (1944).

The administrator under the Fair Labor Standards Act has ruled that "[a]n employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call." 29 C.F.R. 785.17 (1971). For an application of the above principle, see *Barker v. Georgia Power and Light Company,* 5 C.C.H., Labor Cases, Par. 61,095 (M.D. Ga. 1942). In that case, the facts as found were very similar to those in the present case and the district court held that the public utility linemen, after regular working hours, were standing by waiting to go to work and were not on duty performing actual work for the utility.

We find that the trial court carefully considered all of the pertinent circumstances and correctly concluded on findings of fact supported by the evidence that the plaintiff was waiting to be engaged and, therefore, was not entitled to compensation. Consequently, in the trial below, we find

No error.

Chief Judge BROCK and Judge BRITT concur.