STATE OF NORTH CAROLINA v. ROBERT EARL BAXTER, JR.

No. 7414SC198

(Filed 6 March 1974)

Narcotics § 4— manufacture of marijuana — insufficiency of evidence

The State's evidence was insufficient to be submitted to the jury on the issue of defendant's guilt of manufacturing marijuana where it tended to show only that while defendant was away from his apartment officers found therein a total of 219 grams of marijuana, 16 small envelopes containing marijuana, 28 empty small brown envelopes, four small plastic bags containing marijuana seed, and two boxes of cigarette paper, there being no showing as to when the marijuana was packaged, by whom and for what purpose.

APPEAL by defendant from Clark, Judge, at the June 1973 Session of DURHAM Superior Court.

This is a criminal action wherein the defendant and his wife were indicted under separate bills of indictment charging each of them with the manufacture of marijuana and with possession with the intent to distribute marijuana. The State's evidence tended to show that on the night of 13 June 1973, under a proper search warrant police officers entered the apartment of the defendant and his wife and found a total of 219 grams of marijuana. In the top drawer of the dresser in one bedroom, the officers found 16 small envelopes containing

marijuana. In the second drawer were found four small plastic bags containing marijuana seed. Also found in the dresser were two boxes of cigarette paper, one full, one empty. In the desk in the bedroom were found 28 empty small brown envelopes. Also found was a roll of scotch tape. In the bedroom closet, in a man's sport coat, the owner of the coat not being identified, was found one small yellow envelope containing marijuana. No marijuana cigarettes and no marijuana plants were found on the defendant's property. The defendant was not at home at the time and there was testimony to the effect that officers involved did not know of the defendant living at that apartment in the last week.

The defendant's wife was convicted of simple possession of marijuana and did not appeal. The defendant was found guilty of both manufacturing marijuana and of possession with the intent to distribute, and from said conviction, the defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*Blackwell M. Brogden for defendant appellant.*

CAMPBELL, Judge.

Defendant contends that it was error for the trial court to deny his motion for judgment as of nonsuit as to the charge of manufacturing marijuana. The State contends that the discovery of the items found on defendant's property raises an inference of knowledge and possession sufficient to carry the case to the jury on the issue of manufacturing. However, the cases cited by the State, *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972), and *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972), deal with the raising of an inference of possession, not an inference of manufacture. Unlike *State v. Elam*, 19 N.C. App. 451, 199 S.E. 2d 45 (1973), there was no evidence of growing marijuana or of any other process, preparation, production, propagation, compounding, conversion or synthesis. Compare with *State v. Cockman*, 20 N.C. App. 409, 201 S.E. 2d 740 (1974).

The word "manufacture" by definition in G.S. 90-87(15) can only mean manufacture with the intent to distribute and cannot mean manufacture for one's own use. As of 1 January

1974, there is no longer a statutory presumption that possession of more than five grams is possession with the intent to distribute. See G.S. 90-95 (d) (4). Even were the old presumption still the law, it would be of no avail to the State in a case of manufacture to prove intent to distribute.

The only evidence of manufacturing, therefore, is the fact that the marijuana was "packaged." G.S. 90-87 (15). However, there was no showing when the marijuana was packaged, by whom, or for what purpose. The defendant was not at home at the time and it was not established that he had been home in over a week. The sport coat containing marijuana was not established as being the defendant's nor was any of the marijuana or other items found established to have been defendant's, other than on the theory of constructive possession. We hold that the State failed to prove a sufficient nexus between the defendant, the marijuana, and other items to establish that (1) marijuana was being manufactured and (2) that it was being done by the defendant.

We therefore reverse as to the conviction for manufacture.

We have reviewed the defendant's other assignments of error and find them without merit. There was no error in the trial, conviction and sentence for possession with the intent to distribute marijuana.

Reversed in part and no error in part.

Judges HEDRICK and BALEY concur.