STATE OF NORTH CAROLINA v. LEVI WHITTED

No. 7414SC348

(Filed 5 June 1974)

1. **Searches and Seizures § 3— affidavit — sufficiency for finding of probable cause**

   An affidavit which stated that the affiant had probable cause to believe that defendant and another person had heroin on the premises of defendant and on the person of his companion, gave the address and a description of defendant's home, stated that the facts given were supplied by an informant who had given information in the past leading to arrests and convictions, and indicated that on the date of the issue of the warrant, the informant saw defendant's companion in defendant's home while he was in possession of heroin, was sufficient to constitute the basis for a finding of probable cause by the magistrate.

**2. Narcotics § 4— constructive possession of heroin — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury on the issue of defendant's constructive possession of heroin where such evidence tended to show that defendant owned the house in which heroin was found, he was in and out of the house frequently, his car was often there, and on at least two occasions very shortly after the occurrence in question defendant stated to officers that it was his home.

**3. Narcotics § 4— manufacturing heroin — insufficiency of evidence**

The trial court erred in submitting to the jury the charge of manufacturing heroin where the evidence tended to show that items used in the cutting of heroin were found in a search of defendant's residence but there was no evidence that any of them belonged to defendant, and where the evidence tended to show that defendant was not at home when the search was made and there was no evidence as to when he had last been there.

APPEAL by defendant from *Clark, Judge,* 8 October 1973 Session, Superior Court, DURHAM County. Argued in the Court of Appeals 22 April 1974.

Defendant was charged with felonious possession of heroin, felonious possession of heroin with intent to distribute, and manufacturing heroin. He was convicted on all three counts and appeals from judgment entered on each verdict.

*Attorney General Morgan, by Assistant Attorney General Ricks, for the State.*

*Taylor and Upperman, by Herman L. Taylor, for defendant appellant.*

MORRIS, Judge.

The record contains six groups of assignments of error based on 39 exceptions. Defendant brings forward and argues only two. Although he does not refer to any exception or assignment of error in his brief, since there are only two questions raised, we choose not to invoke the provisions of Rule 28, Rules of Practice in the Court of Appeals of North Carolina, and dismiss the appeal. Rather, we shall discuss the two questions on their merits.

Defendant first urges that the evidence in this case should have been suppressed on defendant's motion because of the legal insufficiency of the search warrant and the inadequacy of the affidavit upon which the search was authorized.

In *United States v. Ventresca,* 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965), Mr. Justice Goldberg wrote the opinion for the majority of the Court (Chief Justice Warren and Justice Douglas dissenting). In discussing the requirements of probable cause with respect to search warrants, he said:

> "While a warrant may issue only upon a finding of 'probable cause,' this Court has long held that 'the term "probable cause" . . . means less than evidence which would justify condemnation,' *Locke v. United States,* 7 Cranch 339, 348, 3 L.ed. 364, 367, and that a finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial. *Draper v. United States,* 358 U.S. 307, 311, 3 L.ed. 2d 327, 331, 79 S.Ct. 329. As the Court stated in *Brinegar v. United States,* 338 U.S. 160, 173, 93 L.ed. 1879, 1889, 69 S.Ct. 1302, 'There is a large difference between the two things to be proved (guilt and probable cause), as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them.' Thus hearsay may be the basis for issuance of the warrant 'so long as there (is) a substantial basis for crediting the hearsay.' *Jones v. United States, supra,* 362 U.S. at 272, 4 L.ed. 2d at 708, 78 A.L.R. 2d 233. And, in Aguilar we recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,' so long as the magistrate is 'informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed . . . was "credible" or his information "reliable." ' *Aguilar v. Texas, supra* 378 U.S. at 114, 12 L.ed. 2d at 729."

With respect to the application of the principles, Mr. Justice Goldberg said:

> "These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and

haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *Id.,* 13 L.Ed. 2d at 688-689.

[1]  In the case before us, the affiant stated under oath before the issuing magistrate that he had probable cause to believe that Levi Whitted and Larry Lee had on the *premises of Levi Whitted,* the person of Larry Lee and his vehicle, heroin. The affidavit gave the address of the Whitted premises, described the home and Larry Lee and his automobile, giving also its license number. The affiant stated that the facts given were given by an informant who had in the past given information which had led to the arrest and conviction of people in the Superior Court, Durham County, giving the dates of conviction. Further the affiant stated that the informant had told him that on the date of issue of the warrant he was in the home of Levi Whitted in the presence of Larry Lee and saw within the premises a quantity of heroin in the possession of Larry Lee. Further the informant had been on the Vice Squad office on several occasions and had correctly identified heroin and knew heroin when he saw it.

Applying the principles of *Ventresca,* we think the affidavit in this case complies with the requirements of the Constitution of the United States, the decisions of the Supreme Court of the United States, the decisions of the Supreme Court of North Carolina, the decisions of this Court, and the statutory law of North Carolina. It was sufficient to constitute the basis for the magistrate's finding of probable cause, and there was no error committed in allowing the evidence in.

Defendant next contends that motion for nonsuit should have been allowed.

[2]  As was said in *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706 (1972),

"An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such

State v. Whitted

materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession."

The evidence in the case before us for decision was plenary, if believed, that defendant owned the house, was in and out frequently, that his car was there often, that he was seen driving his car from that direction almost daily, that on at least two occasions very shortly after this occurrence he had stated to the officers that it was his home, that he claimed the money as belonging to him. This is certainly sufficient to send the case to the jury on the possession charge. Defendant appears to concede this in his brief, but argues that it is not sufficient to send the case to the jury on the case of possession with intent to distribute.

[3] With respect to the charge of possession with intent to distribute and manufacturing, we are compelled to reach a different conclusion. There is no evidence that defendant was at the house at the time of the search, nor was there any evidence that he had been in the house at any specific time just prior thereto. The evidence is clear that he said, after the search, that he lived there; but we find no evidence in the record that he had *been* there at any specific time or times prior to the search. We think this charge of manufacturing is controlled by *State v. Baxter*, 21 N.C. App. 81, 83, 203 S.E. 2d 93 (1974), where Judge Campbell said:

"The only evidence of manufacturing, therefore, is the fact that the marijuana was 'packaged.' G.S. 90-87(15). However, there was no showing when the marijuana was packaged, by whom, or for what purpose. The defendant was not at home at the time and it was not established that he had been home in over a week. The sport coat containing marijuana was not established as being the defendant's nor was any of the marijuana or other items found established to have been defendant's, other than on the theory of constructive possession. We hold that the State failed to prove a sufficient nexus between the defendant, the marijuana, and other items to establish that (1) marijuana was being manufactured and (2) that it was being done by the defendant."

Here we have obvious items used in the cutting of heroin, a small amount of packaged heroin, a large number of glassine bags, but no evidence that any of it belonged to defendant. The coats from which money was taken were never identified although he did claim the money. Defendant was not at home when the search was made and there was no evidence as to when he had last been there. Even if there were a presumption with respect to possession of heroin for distribution, and there is not, it would not aid the State in a case of manufacturing in order to prove intent to distribute. G.S. 90-87 (15) defines manufacturing in such a way that it can only mean manufacture with the intent to distribute as opposed to manufacturing for one's own use. *State v. Baxter, supra.* For the reasons stated, we are of the opinion that the court erred in submitting the charge of manufacturing to the jury.

As to the charge of possession—affirmed.

As to the charges of possession with intent to distribute and manufacturing—reversed and judgments arrested.

Judges CAMPBELL and VAUGHN concur.