STATE OF NORTH CAROLINA v. HELEN CHILDERS

No. 7927SC161

(Filed 19 June 1979)

1. Narcotics § 1.3— manufacture of controlled substance—intent to distribute

In prosecutions under G.S. 90-87(15) for manufacturing a controlled substance in which the production, propagation, conversion or processing of the controlled substance is involved, the intent of defendant either to distribute the controlled substance or to consume it personally is irrelevant and does not form an element of the offense. However, in those cases in which the activity constituting manufacture is preparation or compounding, the State has the burden of proving that defendant intended to distribute the controlled substance, but in proving such intent the State may rely upon ordinary circumstantial evidence such as the amount of the controlled substance possessed, the nature of its packaging, labeling and storage, and the activities of defendant with reference to the controlled substance. Statements in *State v. Baxter*, 21 N.C. App. 81 and *State v. Whitted*, 21 N.C. App. 649, that G.S. 90-87(15) defines manufacturing in such a way that it can only mean manufacture with intent to distribute are no longer authoritative.

2. Narcotics § 3— marijuana seeds—presumption of capability to germinate

The State is entitled to assume that marijuana seeds are capable of germination until it is shown otherwise, and defendant has the burden of showing that marijuana seeds found in his or her possession have been sterilized or rendered incapable of germination by some process so as to come within the exception contained in G.S. 90-87(16).

3. Narcotics § 4.5— instructions—misstatement of contention—harmless error

In this prosecution for manufacturing marijuana, the trial judge's statement that the State contended that marijuana seeds were packaged and labeled by defendant when there was no evidence to support such statement was harmless error in light of the overwhelming evidence of defendant's guilt of the crime charged.

Chief Judge MORRIS and Judge HEDRICK concur specially.

APPEAL by defendant from *Friday, Judge.* Judgment entered 25 September 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 4 May 1979.

Defendant was tried, upon an indictment proper in form, for manufacturing marijuana in violation of N.C. Gen. Stats. § 90-95(a)(1), a felony. Evidence for the State tended to show that a search of her room, conducted pursuant to a valid search warrant, revealed seven growing marijuana plants, small in size and contained in two pots. Two glass jars, containing marijuana seeds covered with a resinous substance, were also found. The defendant made a statement to police officers, after being duly informed of her rights to silence and to counsel, admitting that the seven growing plants were hers, stating that she was growing them for her personal use, and did not know how to convert the raw marijuana into a usable form. At trial, an expert chemist employed by the S.B.I. testified that the plants found were marijuana, and that the seeds were marijuana seeds. He further testified, however, that he made no tests to determine if the seeds were sterile. Defendant objected to the introduction of the seeds into evidence, on the grounds that they had been insufficiently tested for the expert to be able to identify them as marijuana, and moved to suppress that portion of the State's evidence. This motion was denied by the trial court. Defendant offered no evidence; no objection was raised to the admission of her statement concerning the seven marijuana plants. From a judgment of conviction for manufacturing marijuana and a sentence of two years' imprisonment, defendant appeals, assigning error.

Defendant was also tried for possession of marijuana, those charges stemming from the discovery, pursuant to a search warrant, of some marijuana at another location purportedly under defendant's control. The jury returned a verdict of not guilty of this offense.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*Roberts and Planer, by Geoffrey A. Planer and Alan R. Krusch, for the defendant.*

MARTIN (Robert M.), Judge.

[1] Defendant first assigns as error the failure of the trial court to instruct the jury that defendant could not be found guilty of manufacturing marijuana if it were found that she was growing the plants for her personal use. She contends that in order for her to be found guilty of the offense of manufacturing marijuana, it must be proved beyond a reasonable doubt by the State that she was manufacturing it with intent to distribute, citing *State v. Baxter*, 21 N.C. App. 81, 203 S.E. 2d 93 (1974) and *State v. Whitted*, 21 N.C. App. 649, 205 S.E. 2d 611, *cert. denied* 285 N.C. 669, 207 S.E. 2d 761 (1974).

N.C. Gen. Stats. § 90-95(a) provides that "it is unlawful for any person: (1) To manufacture . . . a controlled substance." Marijuana is a controlled substance under Schedule VI of the North Carolina Controlled Substances Act, pursuant to the provisions of N.C. Gen. Stats. § 90-94. N.C. Gen. Stats. § 90-87(15) defines "manufacture" as:

> . . . the production, preparation, propagation, compounding, conversion or processing of a controlled substance by any means, whether directly or indirectly, artificially or naturally, or by extraction from substances of a natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis; and "manufacture" further includes any packaging or repackaging of the substance or labeling or relabeling of its container except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use . . .

N.C. Gen. Stats. § 90-87(24) defines "production" as including "the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." "Preparation" is defined by *Webster's Third New International Dictionary* as being "the action or process of making something ready for use or service." The same source provides, in addition, definitions as stated for the following terms: (1) propagation: causing to continue or increase by natural reproduction; (2) compounding: the putting together of elements, ingredients or parts to form a whole; (3) conversion: changing [of a substance] from one form, state or character into another; (4) processing: to subject [something] to a particular method, system or

technique of preparation, handling or other treatment designed to effect a particular result.

N.C. Gen. Stats. § 90-87(15), in defining the term "manufacture" used six specific terms to illustrate what activity was being proscribed. It excepts "preparation or compounding of a controlled substance by an individual for his own use." Defendant argues that, because these two activities are excepted, any manufacture of a controlled substance for personal use would not be "manufacturing" within the contemplation of the statute. With this contention we cannot agree. The plain meaning of the exception is to avoid making an individual liable for the felony of manufacturing controlled substance in the situation where, being already in possession of a controlled substance, he makes it ready for use (*i.e.*, rolling marijuana into cigarettes for smoking) or combines it with other ingredients for use (*i.e.*, making the so-called "Alice B. Toklas" brownies containing marijuana). The four activities not excepted by this proviso contemplate a significantly higher degree of activity involving the controlled substance (*i.e.*, planting, growing, cultivating or harvesting a controlled substance or creating it by any synthetic process or mixture of processes, or taking a controlled substance and, by any process or conversion, changing the form of the controlled substance or concentrating it) and thus are more appropriately made felonies without regard to the intent of the person charged with the offense as to whether the controlled substance so "manufactured" was for personal use or for distribution. The burden will, of course, be upon the State to prove from the evidence beyond a reasonable doubt that, in cases where the defendant is charged with manufacture of a controlled substance and the activity constituting manufacture is preparation or compounding, that the defendant intended to distribute the controlled substance. In proving such intent, the State would be able to rely upon ordinary circumstantial evidence (*e.g.*, the amount of the controlled substance possessed, the nature of its packaging, labeling and storage, if any, the activities of the defendant with reference to the controlled substance) as evidence pertinent to intent, but no presumptions presently apply to aid the State in making its case on this element. In those cases where production, propagation, conversion or processing of a controlled substance are involved, the intent of the defendant, either to distribute or consume personally, will be irrelevant and does not form an element of the offense.

State v. Childers

We are not unaware of the prior holding of this Court in *State v. Baxter*, 21 N.C. App. 81, 203 S.E. 2d 93 (1974) and *State v. Whitted*, 21 N.C. App. 649, 205 S.E. 2d 611 (1974), *cert. denied* 285 N.C. 669, 207 S.E. 2d 761 (1974). We would initially note that these cases, holding that the offense of manufacturing a controlled substance can mean only manufacture with intent to distribute, are factually distinguishable from the case *sub judice*. We next note that this Court, in the cases of *State v. Elam*, 19 N.C. App. 451, 199 S.E. 2d 45, *cert. denied* 284 N.C. 256, 200 S.E. 2d 656 (1973), and *State v. Wiggins*, 33 N.C. App. 291, 235 S.E. 2d 265, *cert. denied* 293 N.C. 592, 241 S.E. 2d 513 (1977) (written by Morris, J., now C.J., who was author of the *Whitted* opinion following *Baxter*) has foreshadowed an interpretation of this statute similar to ours; an interpretation, we think, that more nearly comports with the intent of the Legislature and the plain meaning of the words employed. To the extent that *Baxter* and *Whitted* offer any conflict to our holding today, we expressly overrule them. Chief Judge Morris and Judge Hedrick join in this opinion for the express purpose of disavowing the holdings of *Baxter* and *Whitted* in respect to the interpretation of the meaning of the term "manufacture" as contained in N.C. Gen. Stats. § 90-87(15) and reaffirming the holding of *Wiggins* in respect thereto.

We are aware that our interpretation of the statute may lead to some apparently anomalous results, where a person cultivating one marijuana plant weighing less than one ounce would be subject to conviction for a felony, while possessing less than one ounce of the final product of the plant would constitute only a misdemeanor. However, the Legislature has chosen, in its wisdom, to impose a higher penalty for manufacturing even small quantities of controlled substances than for merely possessing them. We may not presume to contravene that legislative intent. Should a revision of the present manufacturing statute be deemed advisable such an action must be done by the Legislature itself.

As the trial court, in its instructions, placed upon the State the burden of proving defendant's intent to distribute with reference to both the growing plants and the seeds found, the State was forced to carry a heavier burden than is required by the statute; accordingly, any error in the instruction is favorable to the defendant and therefore not prejudicial. The defendant did

not attempt to contradict or attack in any way her statement made to the police (other than by her plea or not guilty) that the plants were hers and she was cultivating them. This was an admission of propagation and producing marijuana, and therefore was an admission of manufacturing marijuana from which the jury could properly find her guilty of that offense without reference to her intent. We conclude, therefore, that the instructions given by the trial court were favorabvle to defendant and did not result in prejudicial error. This assignment of error is overruled.

[2]   Defendant next contends that the trial court erred in failing to suppress evidence of the marijuana seeds contained in State's Exhibit 5B and in allowing the State's expert forensic chemist to testify about them. We do not agree. N.C. Gen. Stats. § 90-87(16) defines marijuana, and excludes from that defintion "the sterilized seed of such plant which is incapable of germination." The State argues, and we think persuasively so, that the exception implies an affirmative act by which presumptively vital seeds are rendered sterile, rather than the naturally occurring sterile seeds resulting from a lack of fertilization by pollination. We think it reasonable to presume that seeds are capable of germination until shown to be otherwise. It is unlawful to possess marijuana seeds; if, however, the seeds have been sterilized or rendered incapable of germination by some process, that may be asserted as an affirmative defense to the charge. It is appropriate that the burden should be upon the defendant to make this showing in that the defendant will ordinarily be in the best position to be aware of and prove any affirmative act by which the seeds have, in fact, been sterilized. Where, as was the case here, the defendant does not make any showing as to the seeds, and offers no proof that they were in any different state from that in which they naturally occurred, the State is entitled to assume that the seeds are vital and to proceed upon that assumption until the contrary is shown by defendant's evidence. We conclude, therefore, that the trial court's actions were not erroneous and this assignment of error is overruled.

[3]   Defendant also assigns as error the misstatement of certain facts by the trial court in its summary of the State's contentions. The judge erroneously stated that the State contended the mari-

juana seeds were packaged and labeled by the defendant. There was no evidence to support this statement, although the seeds had been placed into plastic bags and labeled by the State's witnesses after seizure. We conclude, in the face of the over-whelming evidence to support the conviction (considering especially defendant's statement admitting to the elements of manufacturing marijuana by production and propagation) that this inadvertence on the trial court's part was not prejudicial, par-ticularly since the evidence of packaging and labeling is pertinent primarily to the intent of defendant to distribute the controlled substance, which, while included by the trial judge in his instruc-tions as an element of the offense of manufacturing, did not prop-erly belong there and was error favorable to defendant. The assignment of error is overruled.

Of defendant's two remaining assignments of error, one is mooted by our discussion above, and the other is merely formal and is without merit. Accordingly, they are overruled. As we find no prejudicial error in the trial below, the judgment of the trial court is affirmed.

Affirmed.

Judges ARNOLD and ERWIN concur.

Chief Judge MORRIS and Judge HEDRICK concur specially.