NO. COA13-1374

NORTH CAROLINA COURT OF APPEALS

Filed:  19 August 2014

STATE OF NORTH CAROLINA

v.

Johnston County
No. 12 CRS 54432

DANIEL MIRANDA

Appeal by defendant from judgment entered 2 August 2013 by Judge Thomas H. Lock in Johnston County Superior Court.  Heard in the Court of Appeals 19 March 2014.

*Attorney General Roy Cooper, by Special Deputy Attorney General Melody R. Hairston, for the State.*

*N.C. Prisoner Legal Services, by Mary E. McNeill, for Defendant.*

ERVIN, Judge.

Defendant Daniel Miranda appeals from a judgment entered based upon his convictions for trafficking in between 28 and 200 grams of cocaine by manufacturing and felonious possession of cocaine.  On appeal, Defendant argues that the trafficking in cocaine by manufacturing indictment that had been returned against him was fatally defective, that the trial court committed plain error by failing to instruct the jury concerning the issue of his guilt of the lesser included offense of manufacturing cocaine, that the trial court committed plain

error by failing to instruct the jury that a conviction for trafficking in cocaine by manufacturing based upon compounding required a finding that Defendant intended to distribute the substance in question, and that the record did not contain sufficient evidence to support his conviction for trafficking in cocaine by manufacturing. After careful consideration of Defendant's challenges to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should remain undisturbed.

## I. Factual Background

### A. Substantive Facts

On 19 July 2012, Detectives Randall Ackley and Brad Gillis of the Johnston County Sheriff's Office went to Defendant's mobile home in Benson. Upon arriving at that location, the investigating officers met Defendant and his sister, informed Defendant that they had come to his residence for the purpose of serving outstanding warrants, and asked Defendant to identify the room that he occupied. In response to this inquiry, Defendant indicated that he occupied a room located at the far end of the mobile home.

After Defendant's father arrived at the residence, he consented to allow the investigating officers to conduct a search of the mobile home. As a result, Defendant led Detective

Ackley into the interior of the mobile home and down the hallway to his room. As he entered Defendant's bedroom, Detective Ackley observed the presence of several items that caused him to ask Defendant to leave the room and wait in the mobile home's living room with Detective Gillis while he conducted his search.

At the time that he initially inspected the bedroom, Detective Ackley noted a mirror that had been placed against the wall and observed an end table on which were situated cellular phones, two digital scales, and a bag containing a green leafy substance that Detective Ackley believed to be marijuana, based upon his training and experience. In addition, Detective Ackley found a box of plastic bags on the coffee table in the bedroom. After looking behind the mirror, Detective Ackley found an orange pill bottle that contained a white substance. After making this discovery, Detective Ackley repositioned the mirror and went to the living room to get Detective Gillis.

When the investigating officers reached Defendant's bedroom, Detective Ackley showed Detective Gillis what he had discovered on the table and behind the mirror and asked Defendant to enter the room. At that point, Detective Gillis asked Defendant if there were any other illegal items in his room and received a negative response. After the investigating officers seized the pill bottle, in which two plastic bags

containing a white substance were situated, Detective Gillis told Defendant that he believed that the bottle contained a controlled substance and asked Defendant several times if he knew what the substance was. Although he initially claimed to be ignorant of the substance's identity, Defendant eventually said, "[i]t is what you said it is." A laboratory analysis of the contents of the pill bottle revealed the presence of two plastic bags, one of which contained approximately 21.5 grams of cocaine base and the other of which contained a mixture of rice and cocaine base weighing approximately 28.26 grams.

On 20 July 2012, the investigating officers conducted a videotaped interview of Defendant. During the interview, Detective Ackley informed Defendant that the investigating officers had seized a sufficiently large amount of controlled substances from his residence to suggest that he was selling cocaine. Although Defendant denied having sold a controlled substance, he did admit to having mixed rice with the cocaine base to eliminate the moisture contained in the cocaine base and placed the bag containing the combined substance in the pill bottle.

## B. Procedural History

On 19 July 2012, a warrant for arrest was issued charging Defendant with trafficking in between 28 and 200 grams of

cocaine by manufacturing; trafficking in between 28 and 200 grams of cocaine by possession; and maintaining a dwelling house for the purpose of keeping and selling a controlled substance. On 4 September 2012, the Johnston County grand jury returned a bill of indictment charging Defendant with trafficking in between 28 and 200 grams of cocaine by manufacturing; trafficking in between 28 and 200 grams of cocaine by possession; and maintaining a dwelling house for the purpose of keeping or selling a controlled substance. The charges against Defendant came on for trial before the trial court and a jury at the 31 July 2013 criminal session of Johnston County Superior Court. At the conclusion of the State's evidence, the trial court dismissed the charge of maintaining a dwelling house for the purpose of keeping or selling a controlled substance for insufficiency of the evidence. On 2 August 2013, the jury returned verdicts convicting Defendant of trafficking in between 28 and 200 grams of cocaine by manufacturing and felonious possession of cocaine. At the conclusion of the ensuing sentencing hearing, the trial court consolidated Defendant's convictions for judgment and sentenced Defendant to a term of 35 to 51 months imprisonment. Defendant noted an appeal to this Court from the trial court's judgment.

## II. Legal Analysis

## A. Jurisdiction and Indictment

In his first challenge to the trial court's judgment, Defendant contends that the trial court lacked subject matter jurisdiction to try him and to enter judgment against him for the crime of trafficking in between 28 and 200 grams of cocaine by manufacturing on the grounds that the indictment that purported to charge him with committing that offense was fatally defective. More specifically, Defendant contends that the trafficking in between 28 and 200 grams of cocaine by manufacturing indictment returned against him was fatally defective on the grounds that the indictment did not adequately describe the manner in which Defendant allegedly manufactured cocaine. Defendant's argument lacks merit.

### 1. Standard of Review

As the Supreme Court has previously stated, "[i]t is elementary that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) (citations omitted). "It is well established that '[a]n indictment is fatally defective if it wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty.'" *State v. Land*, __ N.C. App. __, __, 733 S.E.2d 588,

591 (2012) (quoting *State v. Partridge*, 157 N.C. App. 568, 570, 579 S.E.2d 398, 399 (2003)), *disc. review denied in part*, __ N.C. __, 758 S.E.2d 851, *affirmed in part*, 366 N.C. 550, 742 S.E.2d 803 (2013). "As a general rule[,] a [charging instrument] following substantially the words of the statute is sufficient when it charges the essentials of the offense in a plain, intelligible, and explicit manner" unless "the statutory language fails to set forth the essentials of the offense," in which case "the statutory language must be supplemented by other allegations which plainly, intelligibly, and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the defendant and the court as to the offense intended to be charged." *State v. Barneycastle*, 61 N.C. App. 694, 697, 301 S.E.2d 711, 713 (1983) (citing *State v. Palmer*, 293 N.C. 633, 638-39, 239 S.E.2d 406, 410 (1977), and *State v. Loesch*, 237 N.C. 611, 612, 75 S.E.2d 654, 655 (1953)). A convicted criminal defendant is entitled to challenge the sufficiency of the indictment upon which the trial court's judgment is based even if the challenge that the defendant wishes to assert on appeal was never raised in the trial court. *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341, *cert. denied*, 531 U.S. 1018, 121 S. Ct. 581, 148 L. Ed. 2d 498 (2000) (stating that, "where an indictment is alleged to be invalid on

its face, thereby depriving the trial court of its [subject matter] jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court"). We "review the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409, *appeal dismissed and disc. review denied*, 363 N.C. 586, 683 S.E.2d 215 (2009).

## 2. Validity of Manufacturing Indictment

The indictment returned against Defendant in this case alleged that Defendant had "manufacture[ed] twenty-eight (28) grams or more, but less than two hundred (200) grams of a mixture containing cocaine[.]" A person is guilty of trafficking in cocaine by manufacturing if he or she manufactures 28 grams or more of cocaine or any mixture containing cocaine. N.C. Gen. Stat. § 90-95(h)(3). As a result, in order to establish a defendant's guilt of trafficking in between 28 and 200 grams of cocaine by manufacturing, the State must establish beyond a reasonable doubt that the defendant manufactured an amount of cocaine or a mixture containing cocaine that weighed between 28 and 200 grams. N.C. Gen. Stat. §90-95(h)(3). A defendant involved in the "production, preparation, propagation, compounding, conversion, or processing of a controlled substance by any means," including

"any packaging or repackaging of the substance," has engaged in "manufacturing" for purposes of the cocaine trafficking statutes. N.C. Gen. Stat. § 90-87(15).

Although Defendant contends in his brief that the indictment purporting to charge him with trafficking in cocaine by manufacturing was fatally defective based upon the fact that it failed to specify the exact manner in which he allegedly manufactured cocaine or a cocaine-related mixture, Defendant has failed to cite any authority establishing the existence of such a requirement, and we have not identified any such authority in the course of our own research. On the contrary, the relevant count of the indictment that had been returned against Defendant in this case is clearly couched in the statutory language and alleges that Defendant's conduct encompassed each of the elements of the offense in question. Although Defendant is correct in noting that the indictment does not explicitly delineate the manner in which he manufactured cocaine or a cocaine-related mixture, the relevant statutory language creates a single offense consisting of the manufacturing of a controlled substance rather than multiple offenses depending on the exact manufacturing activity in which Defendant allegedly engaged. As a result, since the relevant count in the indictment returned against Defendant in this case alleges all of the elements of

the offense of trafficking in between 28 and 200 grams of cocaine by manufacturing, we conclude that the indictment returned against Defendant was not fatally defective and sufficed to give the trial court jurisdiction to hear this case and enter judgment against Defendant based upon his conviction for trafficking in between 28 and 200 grams of cocaine by manufacturing.

## B. Submission of Manufacturing Cocaine

In his second challenge to the trial court's judgment, Defendant contends that the trial court committed plain error by failing to allow the jury to consider the issue of his guilt of the lesser included offense of manufacturing cocaine. More specifically, Defendant contends that, just as the trial court allowed the jury to consider the issue of Defendant's guilt of the lesser included offense of felonious possession of cocaine, it should have allowed the jury to consider the issue of his guilt of manufacturing cocaine given that the jury might have failed to find beyond a reasonable doubt that Defendant manufactured a mixture containing between 28 and 200 grams of cocaine. We do not find Defendant's argument persuasive.

## 1. Standard of Review

As he candidly acknowledges, Defendant did not object at trial to the trial court's failure to submit the issue of his

guilt of manufacturing cocaine to the jury as a lesser included offense. For that reason, we are limited to determining whether the trial court's inaction constituted plain error. N.C.R. App. P. 10(a)(4); *State v. Goforth*, 170 N.C. App. 584, 587, 614 S.E.2d 313, 315 (stating that, "[b]ecause defendant failed to object to the jury instructions at trial, the standard of review therefore is plain error"), *cert. denied*, 359 N.C. 854, 619 S.E.2d 854 (2005). "A reversal for plain error is only appropriate in the most exceptional cases." *State v. Raines*, 362 N.C. 1, 16, 653 S.E.2d 126, 136 (2007) (citation and quotation marks omitted), *cert. denied*, 557 U.S. 934, 129 S. Ct. 2857, 174 L. Ed. 2d 601 (2009). "To show plain error, [the] defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Garcell*, 363 N.C. 10, 35, 678 S.E.2d 618, 634 (citation and quotation marks omitted), *cert. denied*, 558 U.S. 999, 130 S. Ct. 510, 175 L. Ed. 2d 362 (2009).

## 2. Relevant Legal Principles

A lesser included offense is one that "requires no proof beyond that which is required for conviction of the greater [offense]." *Brown v. Ohio*, 432 U.S. 161, 168, 97 S. Ct. 2221, 2226, 53 L. Ed. 2d 187, 196 (1977). A trial court must instruct

the jury concerning the issue of the defendant's guilt of a lesser included offense in the event that "(1) the evidence is equivocal on an element of the greater offense so that the jury could reasonably find either the existence or the nonexistence of this element; and (2) absent this element only a conviction of the lesser included offense would be justified." *State v. White*, 142 N.C. App. 201, 205, 542 S.E.2d 265, 268 (2001) (citations omitted).  As a result, a trial court should instruct the jury concerning the issue of a defendant's guilt of a lesser included offense where "the evidence 'would permit a jury rationally to find [the] [defendant] guilty of the lesser offense and acquit him of the greater,'" *State v. Thomas*, 325 N.C. 583, 594, 386 S.E.2d 555, 561 (1989) (quoting *State v. Strickland*, 307 N.C. 274, 286, 298 S.E.2d 645, 654 (1983), *overruled in part on other grounds in State v. Johnson*, 317 N.C. 193, 203, 344 S.E.2d 775, 781 (1986)), with "[t]he determinative factor [being] what the State's evidence tends to prove." *Strickland*, 307 N.C. at 293, 298 S.E.2d at 658.

It is well-established that the total "quantity of the mixture containing cocaine may be sufficient in itself to constitute a violation under N.C. Gen. Stat. § 90-95(h)(3)." *State v. Broome*, 136 N.C. App. 82, 86, 523 S.E.2d 448, 452 (1999) (holding that the defendant was properly convicted of

trafficking in between 200 and 400 grams of cocaine by possession based upon the seizure of a package containing a cocaine mixture that, while weighing 273 grams, contained only 27 grams of pure cocaine), *disc. review denied*, 351 N.C. 362, 543 S.E.2d 136 (2000); *State v. Tyndall*, 55 N.C. App. 57, 60-61, 284 S.E.2d 575, 577 (1981). As a result, in a case in which the defendant has been charged with trafficking in between 28 and 200 grams of a cocaine mixture, the State need not prove that the mixture contained between 28 and 200 grams of cocaine; instead, the State need only prove that the mixture, considered as a whole, met the relevant weight standard.

### 3. Evidentiary Analysis

The undisputed record evidence indicates that Defendant admitted having added rice to some portion of the cocaine base that was in his possession for the purpose of removing moisture from that substance and having placed the bag containing the mixture of rice and cocaine base into the pill bottle discovered by investigating officers. Although Defendant argues that a combination of cocaine base and rice does not constitute a "mixture" as that term is used in our trafficking statutes, he cites no authority in support of that assertion, we have found no support for that assertion in the course of our own research, and the statutory reference to a "mixture" appears to us to

encompass the mixture of a controlled substance with any other substance regardless of the reason for which that mixture was prepared. In addition, various items used to weigh and package controlled substances were found by investigating officers in Defendant's bedroom. As a result, the undisputed record evidence clearly establishes that Defendant engaged in "manufacturing" as that term is used in N.C. Gen. Stat. § 95-87(15) with respect to more than 28 grams of cocaine or a mixture containing cocaine. In addition, there is no record support for the proposition that Defendant engaged in manufacturing activities with respect to some amount of cocaine less than that necessary to establish his guilt of a trafficking offense. For that reason, Defendant's argument rests upon a contention that the jury could have chosen to refrain from believing some portion of the State's evidence while believing the rest of it, an approach that we have consistently held to be insufficient to support the submission of a lesser included offense. As a result, despite its decision to submit the issue of Defendant's guilt of the lesser included offense of felonious possession of cocaine for the jury's consideration on the basis of similar logic, the trial court did not err, much less commit plain error, by failing to allow the jury to consider the issue

of Defendant's guilt of the lesser included offense of manufacturing cocaine.

## C. Trafficking by Manufacturing Instruction

In his third challenge to the trial court's judgment, Defendant contends that the trial court committed plain error by failing to instruct the jury that it had to find beyond a reasonable doubt that Defendant manufactured cocaine with the intent to distribute before convicting him of that offense. More specifically, Defendant contends that, in order to find him guilty of trafficking in between 28 and 200 grams of cocaine by manufacturing on the basis of compounding, the jury was required to find that Defendant acted with the intent to distribute. Defendant is not entitled to relief from the trial court's judgment on the basis of this argument.

## 1.Standard of Review

As he once again candidly admits, Defendant did not object to the trial court's failure to instruct the jury that it had to find beyond a reasonable doubt that he had an intent to distribute in order to convict him of trafficking in between 28 and 200 grams of cocaine by manufacturing based upon compounding. For that reason, we are, once again, required to utilize a plain error standard of review in evaluating the

validity of Defendant's contention.   N.C.R. App. P. 10(a)(4); *Goforth*, 170 N.C. App. at 587, 614 S.E.2d at 315.

## 2. Plain Error Analysis

As Defendant notes, we have held that, "where the defendant is charged with manufacture of a controlled substance and the activity constituting manufacture is preparation or compounding," the State must prove the existence of any intent to distribute the controlled substance.  *State v. Childers*, 41 N.C. App. 729, 732, 255 S.E.2d 654, 656, *cert. denied*, 298 N.C. 302, 259 S.E.2d 916 (1979).  Although the State has responded by arguing that the holding in *Childers* does not apply in this case given that Defendant had been charged with trafficking in cocaine by manufacturing in violation of N.C. Gen. Stat. § 90-95(h)(3) rather than felonious manufacturing of cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1) and that the requirement that the State prove beyond a reasonable doubt that Defendant's activities involved between 28 and 200 grams of cocaine and a cocaine-related mixture obviates the necessity to prove an intent to distribute given that "[o]ur legislature has determined that certain amounts of controlled substances and certain amounts of mixtures containing controlled substances indicate an intent to distribute on a large scale," *Tyndall*, 55 N.C. App. at 60-61, 284 S.E.2d at 577, we need not reach this

issue in light of our recognition that the trial court allowed the jury to find that Defendant engaged in manufacturing-related activities based on packaging and repackaging as well as compounding and the fact that the undisputed record evidence shows that Defendant placed the cocaine-related mixture in the pill bottle and possessed items used to weigh and package controlled substances in the vicinity of a substantial amount of cocaine base and a cocaine-related mixture. As a result, since we do not believe that Defendant has established that a different outcome would probably have been reached had the instruction at issue here been delivered at trial, we conclude that Defendant is not entitled to relief on the basis of this argument.

## D. Sufficiency of the Evidence

In his final challenge to the trial court's judgment, Defendant contends that the trial court erred by denying his motion to dismiss the trafficking in between 28 and 200 grams of cocaine by manufacturing charge for insufficiency of the evidence. More specifically, Defendant contends that the trial court should have dismissed the trafficking in between 28 and 200 grams of cocaine by manufacturing charge on the grounds that the evidence did not suffice to support a determination that Defendant had packaged or repackaged cocaine or a cocaine-

related mixture or that Defendant had compounded a sufficient quantity of cocaine or a cocaine-related mixture with the intent to distribute. Once again, we conclude that Defendant is not entitled to relief from the trial court's judgment on the basis of this argument.

## 1. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon [a] defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Wallace*, 197 N.C. App. 339, 343, 676 S.E.2d 922, 925 (2009) (citation and quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Boyd*, 177 N.C. App. 165, 175, 628 S.E.2d 796, 804 (2006) (quoting *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001)). In making the required sufficiency determination, the record evidence presented must be viewed "in the light most favorable to the State." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d

451, 455, *cert. denied*, 531 U.S. 890, 121 S. Ct. 213, 148 L. Ed. 2d 150 (2000).

## 2. Relevant Legal Principles

As we have already noted, the statutory definition of "manufacturing" "includes any packaging or repackaging of the [controlled] substance[.]" N.C. Gen. Stat. § 90-87(15). "[T]his Court has held that there was sufficient evidence of manufacturing where the instruments of manufacture are found together with cocaine which was apparently manufactured." *State v. Outlaw*, 96 N.C. App. 192, 198, 385 S.E.2d 165, 169 (1989), *disc. review denied*, 326 N.C. 266, 389 S.E.2d 118 (1990). As a result, in the event that investigating officers find cocaine or a cocaine-related mixture and an array of items used to package and distribute that substance, the evidence suffices to support a manufacturing conviction. *See Brown*, 64 N.C. App. at 640-41, 308 S.E.2d at 348-49 (holding that evidence, such as plastic bags and tinfoil, found on the defendant's table in connection with his constructive possession of cocaine was sufficient to support a manufacturing conviction).

## 3. Sufficiency Analysis

According to the undisputed record evidence, investigating officers found a pill bottle that housed a bag containing 21 grams of cocaine base and a second bag containing a mixture of

rice and cocaine base that weighed 28.26 grams behind a mirror in Defendant's bedroom. In addition, investigating officers seized two digital scales and boxes of plastic bags from the same room. As Detective Ackley testified, plastic bags, in conjunction with digital scales, are used for the separation of controlled substances and as a "method of distribution." Defendant acknowledged having placed the bag containing the mixture of cocaine base and rice in the pill bottle. As a result, given that the State's evidence showed that more than 28 grams of cocaine and several items that are commonly used to weigh, separate, and package cocaine for sale were seized from Defendant's bedroom; that the cocaine and cocaine-related mixture found in the pill bottle located behind the mirror in Defendant's bedroom were packaged in plastic bags; and that our prior decisions in *Outlaw* and *Brown* indicate that such evidence is sufficient to support a manufacturing conviction on the basis of packaging and repackaging,[1] we conclude that the trial court did not err by denying Defendant's dismissal motion.

In seeking to persuade us to reach a different result, Defendant contends that there was no indication that the plastic

---

[1]In view of our determination that the record supports a finding that Defendant packaged or repackaged the cocaine and cocaine-related mixture found in his bedroom, we need not analyze the sufficiency of the evidence to show that Defendant engaged in compounding-related activities as well.

bags and digital scales found in his bedroom were used in packaging the cocaine found behind the mirror. Instead, Defendant asserts that digital scales and plastic bags are not "unique to the manufacture of cocaine" and might have been used solely for the purpose of weighing and packaging the marijuana that was discovered in his bedroom. Although Defendant's argument rests upon an accurate description of the record evidence, the inference that he wishes us to draw is not the only interpretation that a reasonable juror could have adopted after hearing and analyzing the State's case. Instead, the argument upon which Defendant relies amounts to a challenge to the weight that the jury should have given to the evidence rather than to its sufficiency. As a result, the trial court appropriately denied Defendant's dismissal motion.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Defendant's challenges to the trial court's judgment have merit. As a result, the trial court's judgment should, and hereby does, remain undisturbed.

AFFIRMED.

Judges GEER and STEPHENS concur.